## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Frederick Banks, | ) | CASE NO. 4:20 CV 1692 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Federal Bureau of Prisons, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* Petitioner Frederick Banks, an inmate in the Northeast Ohio Correctional Complex in Youngstown, Ohio, filed this Petition under 28 U.S.C. § 2241 claiming he did not receive 24 months credit on a sentence he received for attempted identity theft. He seeks release from incarceration.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or

make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims was unsuccessful. This claim clearly attacks a current or past sentence. It must be raised in a § 2255 Motion filed in the sentencing Court. It cannot be asserted in a § 2241 Petition.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Judge

Dated:  12/2/20

-2-